## GEO. O. RICHARDSON v. ORVILLE SHELBY.

1. TRIAL—*Presumption.* Under the Indiana code of civil procedure, in force at the time of the trial of this cause, when a jury is waived, and trial by court, and the court required to make findings of fact and conclusions of law, a motion "that the court set aside the findings and grant a new trial for the reason that each of said findings are contrary to law," raises the question whether the facts, as found, are supported by the evidence, and the evidence not having been brought up with the record, the motion must be overruled. The examination of the evidence required by the motion is impossible. The presumption is that the trial court found the facts truly.

Richardson v. Shelby.

2 CHATTEL MORTGAGE—*Rights of Parties.* Chattel mortgages were executed in Kansas upon property located, and by persons residing, there, who afterward removed to this territory, bringing the property with them. The law is, that the rights of the parties to such chattel mortgage contracts are to be determined by the law as it exists in the state or country where they were made, and are to be performed.

3 SAME—*Construction of Statutes Governing.* The Kansas statute here being construed, which provides that every mortgage of chattels shall be void against creditors of the person making the same, unless, within thirty days next preceding the expiration of one year from the time it was filed, an affidavit, exhibiting the interest of the mortgagee, be made as required by the statute, to preserve the rights of the mortgagee as against execution creditors, and after the lapse of one year from the time of filing, the fact that such affidavit has been made must affirmatively appear in behalf of the mortgagee, otherwise the conclusion must be that no such affidavit was made.

4. SAME—*Void as Against Creditor, When.* The statute is peremptory that the mortgage so filed shall be void as against the creditors of the person making the same, unless the renewal affidavit be filed as provided by it, and in case of a failure to so file it, the mortgage will be rendered void as to creditors, notwithstanding the re-filing and renewal may have been rendered impossible by the removal of the mortgagors from the state.

5. SAME—*Must Be Filed.* The statutes of Nebraska, in force in this territory at the time, declared chattel mortgages to be "absolutely void as against a creditor of the mortgagor, unless the mortgage, or a true copy thereof, shall be filed in the office of the county clerk of the county where the mortgagor resides." Under this statute, in the absence of the filing of the original mortgage, a copy of it, properly authenticated as a "true copy," must be placed on file as here provided.

6. SAME—*Authentication.* Such authentication under the Statutes of 1890, in force at the time, must have been "by an attestation made by the keeper of the same that the same was a true and complete copy of the original in his custody, and the seal of the office of said keeper thereto annexed, or by the certificate of the clerk and the seal of the district or probate court of the proper county where the keeper resides, that such attestation is made by the proper officer." And a certificate made by the register of deeds of Oklahoma county, where an instrument was filed, which "purported to be a copy of such

chattel mortgage," that a copy of such copy was "a true copy of the original mortgage on file in this office," is not such authentication, and is plainly erroneous and misleading.

7. SAME—*Registration.* In order to have the effect of notice to creditors, a chattel mortgage, or copy of it, must be such as is by the statute declared to be sufficient and effective for that purpose, and the registry must have been made in compliance with the law, otherwise the registry will be treated as a mere nullity.

*Error from the District Court of Canadian County.*

*Blake & Blake,* for plaintiff in error.

*Huger Wilkinson* and *Green & Strang,* for defendant in error.

The opinion of the court was delivered by

MCATEE, J.: The plaintiff below, plaintiff in error here, filed his complaint in replevin in the district court for Oklahoma county, setting forth that he was the owner and legally entitled to the possesion of certain personal property, consisting of one Massillion separator, truck and stacker and other personal property, by virtue of two chattel mortgages and a release from the mortgagor to him of all interest and rights in the property. The defendant filed his general demurrer to the complaint, which was overruled. The defendant thereupon filed his answer in four separate counts, to which the plaintiff demurred. The fourth paragraph of the answer consisted of a counter-claim. The plaintiff's demurrer was heard by the court and sustained. Thereupon the defendant elected to stand upon the first three paragraphs of his answer, which consisted of general denials, expressed in various forms, of the matter contained in the petition. Trial was then had before the court and, at the request of the defendant, the court made separate findings of fact and conclusions of law.

It was found by the court that on the 15th day of November, 1889, James Hafer purchased of George O.

Richardson, of St. Joseph, Missouri, the property mentioned in the complaint, and executed to the said George O. Richardson a chattel mortgage on said property, and that the chattel mortgage bore the following endorsement:

*"Territory of Oklahoma, Oklahoma County, ss.*

"I, R. H. Mansur, recorder of Oklahoma county, hereby certify that the foregoing is a true copy of the original mortgage on file in this office.

"Witness by hand and seal this 2d day of May, 1892.

"R. H. MANSUR,

"By J. C. WILLIAMS, Deputy.        Register of Deeds."

That on the 2d day of February, 1890, James Hafer and Alice Hafer, his wife, executed a chattel mortgage upon the said property to Ben. Hafer, of Holton, Kansas, to secure the payment of two certain promissory notes, each dated November 16, 1889, and due, respectively, January, 16, 1891, and January 16, 1892, which mortgage was signed and sealed on the 15th day of February, 1890. This mortgage was endorsed as follows:

"Filed on the 10th day of October, 1890.

"JOHN MARTIN, County Clerk,

"Oklahoma County, Oklahoma Territory."

The finding further states that "at the time said mortgages were filed with the register of deeds of Oklahoma county, said property was situated in Oklahoma county, Oklahoma Territory, and the mortgagees were residents of said county." That on the 7th day of December, 1891, in the probate court of Oklahoma county, in the case of *Ford and Reed v. James Hafer*, the plaintiffs recovered a judgment against the said defendant in the sum of three hundred and sixty-five dollars and twenty-five cents, and that on the 11th day of January, 1892, execution was duly issued on said judgment to the sheriff of Canadian county, Oklahoma Territory, and was delivered to the said sheriff

on the same day, and was, on the 27th day of January, 1892, by the said sheriff, levied upon the property described in the complaint, in Canadian county.

That, at the time the execution was issued, James Hafer was residing in Canadian county, and the property in controversy was in Canadian county; that the chattel mortgage executed by James Hafer to Benjamin Hafer was transferred and assigned to George O. Richardson, for a valuable consideration, prior to the 10th day of August, 1892, and that there was due to said George O. Richardson from said James Hafer, upon said notes and mortgages, the sum of one thousand dollars.

Thereafter, on the 11th day of March, 1892, James Hafer delivered to George O. Richardson a written instrument, by which, in consideration of one dollar, he agreed to "release" to George O. Richardson all of his right and interest in the property described in the mortgage of November 15, 1889, and granted to him the right to take the property out of the territory and sell it.    Richardson acccepted the relinquishment thus executed to him by Hafer on the 11th day of March, 1892, and upon that day agreed to accept the property in full payment of the indebtedness to him, and to release the notes and mortgage.

Upon attempting to take possession of the property, immediately after the execution and delivery of the last named paper, Richardson found it in possession of the defendant in error, who claimed it under an execution issued from the probate court of Oklahoma county on the judgment in favor of Ford and Reed.

The findings state that George O. Richardson has obtained possession of said property and sold the same, and appropriated the proceeds thereof; that the instrument filed for record in the register's and clerk's offices, of Oklahoma county, were not the original

mortgages executed by Hafer, but were what purported to be "copies of said instrument."

It was also found by the court that at the time the mortgages were executed the mortgagors resided in the state of Kansas, and that the property mortgaged was also in that state.

The court found, as conclusions of law, that:

"1. The lien of the execution in the hands of Shelby as sheriff in favor of Ford and Reed against Hafer, for the sum of two hundred and sixty-five dollars ($265.00) and costs, taxed at the sum of forty dollars and twenty-five cents ($40.25) and interest thereon, is paramount and superior to the lien of the mortgages held by the plaintiff, George O. Richardson.

"2. That at the time of bringing this action the plaintiffs were not entitled to the possession of the property mentioned in the mortgage until they had satisfied the lien of the execution in favor of Ford and Reed, then in the hands of Shelby, sheriff.

"3. That the defendant is entitled to a return of the property or in lieu thereof payment of a sufficient sum of money to satisfy said execution, costs and interest in favor of Reed and Ford, to which conclusions, and each of them, the plaintiff at the time excepted."

Thereupon the plaintiff moved the court to "set aside the findings, and grant a new trial herein for the reason that each of said findings are contrary to to law." Judgment was entered up in accordance with the conclusions of law, to all of which judgment the plaintiff excepted. Motion for a new trial was made by the plaintiff and overruled, to which the plaintiff also excepted.

Plaintiff made assignments of error, as follows:

"1. That the district court erred in overruling the demurrer to the answer of defendant, filed on the 4th day of April, 1893.

"2. That the said court erred in overruling plaintiff's motion for a new trial.

"3. The said court erred in its conclusions of law.

"4. The court erred in rendering judgment for the defendant, that upon failure of plaintiff to return the chattels therein described, defendant recover of the plaintiff the sum of three hundred and five dollars, with interest at the rate of 7 per cent. per annum from the 7th day of December, 1891."

Upon the first assignment of error, the record does not show that the court overruled the demurrer to the answer of defendant, filed on the 4th day of April, 1893. The statement made in the record is, that "plaintiff and defendant argued the demurrer to the answer and cross-complaint herein, and the court sustains said demurrer and the defendant excepts." No statement of any kind appears in the record from which it can be inferred that plaintiff's demurrer was overruled.

The relief sought for under the second assignment of error is, that the "court refused to set aside the findings, and grant a new trial herein for the reason that each of said findings are contrary to law." This case was tried under the Oklahoma statutes of 1890, including the Indiana code of civil procedure, and under which the rules of interpretation and construction adopted by the supreme court of Indiana were, at the time, in force here.

The motion for a new trial made in this form is the remedy when it is sought, by the assignment of error, to contest the question, whether the facts as found by the court are supported by the evidence. The evidence produced at the trial of this case is not furnished in the case. The assignment of errors has been made upon the record unaccompanied by evidence other than that which is contained in the findings of fact made by the court itself. It would not, therefore, be possible to make the investigation required by the motion, and it will be presumed, in the absence of the testimony, that the findings made by the trial court,

so far as they were made by it, were within the issues and relative to them, were full and correct.

There is no ground for relief under this assignment of error, unless pertinent and material facts were proven at the trial, and that the court did not find upon them. No omission of testimony is apparent on the record, nor has any been pointed out in argument, which can possibly be material, and upon which the plaintiff in error would be entitled to a reversal of the judgment of the cause, or a *venire de novo.* (*Graham v. The State ex rel.*, 66 Ind. 386; *Martin v. Cauble*, 72 Ind. 67; *Vannoy v. Duprez*, 72 Ind. 26; *Stropes v. The Board*, 72 Ind. 43; *Ex parte Walls*, 73 Ind. 110.)

By the third assignment of error it is declared that the court erred in its conclusions of law. Assuming for the present that the mortgages under which the plaintiff claims the property in controversy were entitled to record, so as to constitute notice of the lien described in them, it is found by the court that, "at the time the mortgages were executed, the mortgagors resided in the state of Kansas, and that the mortgaged property was also in that state." It is contended by plaintiff in error upon this finding of fact that, inasmuch as the Hafers moved the mortgaged property to Oklahoma county and there established their residence, that the validity of the mortgages, as to execution creditors, is controlled entirely by the laws of Oklahoma in force at the time the mortgages were filed in the office of clerk of Oklahoma county. We do not find that this contention should be supported. The law is, that the rights of the parties to a contract are to be determined by the law as it exists in the state or country where the contract is to be performed. The mortgagor having resided in the state of Kansas, and the property mortgaged being there at the time, it is evident that the contracts were made with reference to the laws of that

state, and those laws will therefore be applied to them here, and will determine their validity or invalidity, and receive the same interpretation and construction which they would receive in the courts of Kansas. (*Martin v. Hill,* 12 Barb. N. Y. 637; *Tyler v. Strang,* 21 Barb. 198; *Langworthy v. Warren,* 12 Cush. Mass. 109; *Arnold v. Potter,* 22 Ia. 194; *Smith v. McClain,* 24 Ia. 322; *Eager v. Bush,* 181 N. Y. 199; *Amos Iron Works v. Warren,* 76 Ind. 512; *Feurt v. Rowell,* 62 Mo. 524; *Kanage v. Taylor,* 7 Ohio 134; *Jetter v. Felloes,* 32 Pa. St. 465; Jones on Chattel Mortgages, § 249.)

It is provided by the statutes of the state of Kansas, in force at the time of the execution of these mortgages, that:

"SEC. 3903. Every mortgage or conveyance intended to operate as a mortgage of personal property which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of the possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor and as against subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof shall be forthwith deposited in the office of the register of deeds in the county where the property shall be then situated, or, if the mortgagor be a resident of this state, then of the county of which he shall at the time be a resident.

"SEC. 3904. 'Endorsed and Filed.' Upon the receipt of any such instrument the register shall endorse on the back thereof the time of receiving it and shall file the same in his office to be kept there for the inspection of all persons interested.

"SEC. 3905. 'Void one Year After:' Every mortgage so filed shall be void as against the creditors of the person making the same or against subsequent purchasers or mortgagees in good faith after the expiration of one year after the filing thereof, unless, within thirty days next preceeding the expiration of the term of one year from such filing, and each year thereafter, the mortgagee, his attorney or agent, shall make an

affidavit exhibiting the interest of such mortgagee in the property at the time last aforesaid claimed by virtue of said mortgage, and if such mortgage is to secure the payment of money, the amount yet due and unpaid, such affidavit shall be attached and filed with the instrument or copy on file to which it relates."

The first of the mortgages was executed on the 15th day of November, 1889, and the second upon the 12th day of February, 1890, and upon the former the entry is made, that:

"*Territory of Oklahoma, Oklahoma County, ss.*

"I, R. H. Mansur, recorder of Oklahoma county, hereby certify that the foregoing is a true copy of the original mortgage on file in this office.

" Witness my hand and seal this 2d day of May, 1892."

Upon the latter appears the endorsement:

"Fled this 10th day of October, 1890.
"JOHN MARTIN, County Clerk,
"Oklahoma County, Oklahoma Territory."

There is no endorsement upon either of them by which it may appear that the "mortgage or a true copy thereof" was ever "deposited in the office of register of deeds in the county where the property was then situated, or of the county of which the mortgagor was at the time a resident." Nor is any finding made in the record that any such deposit was ever made as against the creditors of the mortgagors, dealing with the creditors in good faith. These mortgages were therefore absolutely void as against creditors. There is no statement contained in the findings of the court whereby it can be ascertained at what time the first of these two mortgages was filed in the office of register of deeds of Oklahoma county.

The Kansas statute which is cited, declares that every mortgage of chattels, even if so filed, "shall be void as against the creditors of the person making the same, unless within thirty days next preceding the

expiration of the term of one year from such filing, and each year thereafter, the mortgagee, his attorney or agent, shall make an affidavit exhibiting the interest of the mortgagee," etc.

The record does not show that any such affidavit was filed. After the expiration of a year the mortgage will be void as against the creditors unless the renewal affidavit is filed as provided by the statutes, and the year having elapsed from the time of its execution, it must affirmatively appear in behalf of the mortgagee that the renewal affidavit was made as required. No such showing appears in the findings of fact, and the conclusion must be that no such affidavit was made, and that the mortgages are void as against creditors under the law of that state, which determines their validity and effect. (*Swedick v. Dodson*, 38 Kan. 713; *Mewell v. Warren*, 44 N. Y. 244; *Ceaman v. Eager*, 16 Ohio, 219; *Day v. Munson*, 14 Ohio, 488; *Briggs v. Masum*, 47 Mich. p. 12.)

Nor does the fact of the removal of the mortgagor from the state make any difference. The statute is peremptory that the mortgage so filed shall be void as against the creditors of the person making the same, unless the renewal affidavit be filed, as provided by it, and in the case of the failure to so file it, the mortgages will be rendered void as to such creditors, notwithstanding the refiling and renewal may have been rendered impossible by the removal of the mortgagors from the state. (*Dillingham v. Bolt*, 37 N. Y. 198.)

But the statute of the state of Nebraska, upon chattel mortgages, was in force at the time as a part of the Statutes of Oklahoma, which required that a chattel mortgage should be "absolutely void as against a creditor of the mortgagor, unless the mortgage, or a true copy thereof, shall be filed in the office of the

county clerk of the county where the mortgagor executing the same resides."

The court makes no such finding of fact. Indeed, it could not do so. Whilst, upon the first mortgage, the certificate of R. H. Mansur, recorder of Oklahoma county, appears, certifying that "the foregoing is a true copy of the original mortgage, on file in this office," that is not a proper authentication. Authentication must come from the county and from the office, being the proper office, in the state of Kansas, where the mortgage was originally, if ever, recorded.

It was provided by § 11, art. 15, "Written Evidence," of the Code of Civil Procedure of 1890, p. 831, under which the case was tried below, that

"Exemplifications or copies of records, and records of deeds and other instruments  *  *  *  shall be proved or admitted as legal evidence in any court  *  *  *. in this territory, by the attestation of the said records,  *  *  *  deeds or other instruments,  *  *  * that the same are true and complete copies of the records,  *  *  *  instruments or books, or parts thereof. in his custody, and the seal of office of said keeper thereto annexed, if there be a seal, and if there be no seal, there shall be attached to such attestation, the certificate of the clerk, and the seal of the district or probate court of the proper county where the keeper resides, that such attestation is made by the proper officer."

No such exemplification appears in the record or among the findings of fact, and the court, therefore, properly found, not that the mortgages were the original mortgages, or were "true copies," as would have been requisite to their validity or effect, under the statute of Nebraska then in force, but that the instruments filed for record in the register of deeds' and clerk's office, of Oklahoma county, were what "purported to be copies of said instruments."

In order to have had the effect of giving notice, the mortgages must be such as are authorized to be

recorded, and the registry must have been in compliance with the law, otherwise the registry will be treated as a mere nullity. (4 Wheat. 466; 1 Binn. [Pa.] 40; 1 John. Ch. Rep. 300; 1 Story's Eq. Jur. §§ 403-404; 5 Me. 272.)

It is not claimed that the mortgages, under and by virtue of which the property is claimed by plaintiff, were the originals, and it cannot be claimed that they were properly authenticated as "true" copies, entitled to be recorded, and to have the force of a notice to the world, of the lien. The instruments were of no force or effect as mortgages or liens upon the property, and the conclusion of law by the court that the lien of the execution was paramount, and that the mortgages were void as against the lien of the execution herein, and that the defendant was entitled to the return of the property, was correct.

The judgment of the court below is affirmed; all the Justices concurring.