Mayfield *v.* Sears *et al.*

Filed December 13, 1892.

———————◆———————

15,994

MAYFIELD *v.* SEARS ET AL.

PATENT-RIGHT. — *Statute Construed.*—*Authentication.* — *Meaning of.* — *Filing Copy with Clerk.*—In an action to enforce the collection of a promissory note, and to foreclose a mortgage executed by the defendant to the plaintiff for a patent-right, the defendant answered that the transaction was unlawful, and the contract non-enforceable, because of the failure of the vendor of the patent-right to comply with section 6054, R. S. 1881, by filing a "duly authenticated" copy of the letters-patent in the clerk's

office.    Before the execution of the note and mortgage in question, the plaintiff filed with the clerk what purported to be a copy of the letters-patent, which was only authenticated by the affidavit of the vendor.

*Held*, that the authentication required by the statute is, apart from the affidavit, such official certificate and attestation as would render the letters-patent admissible in evidence.

*Held*, *also*, that the contract was not enforceable, because a properly authenticated copy of the letters-patent was not filed with the clerk before the contract was executed.

From the Floyd Circuit Court.

*C. L. Jewett* and *H. E. Jewett*, for appellant.

*A. Dowling*, for appellees.

McBRIDE, J.—A decision of the only material question in this case involves a construction of section 6054, R. S. 1881, which is as follows:

"It shall be unlawful for any person to sell or barter, or to offer to sell or barter, any patent right, or any right which such person shall allege to be a patent right, in any county within this State, without first filing with the clerk of the court of such county copies of the letters-patent, duly authenticated, and, at the same time, swearing or affirming to an affidavit, before such clerk, that such letters-patent are genuine, and have not been revoked or annulled, and that he has full authority to sell or barter the right so patented; which affidavit shall also set forth his name, age, occupation, and residence, and, if an agent, the name, occupation and residence of his principal. A copy of this affidavit shall be filed in the office of said clerk, and said clerk shall give a copy of said affidavit to the applicant, who shall exhibit the same to any person, on demand."

The case at bar was a suit to collect a promissory note and to foreclose a mortgage executed by the appellee to the appellant for a patent right.    Defense, that the transaction was unlawful and the contract non-enforceable because of the failure of the vendor of the patent right to

comply with the section of statute above quoted, by filing a " duly authenticated" copy of the letters patent in the clerk's office.

There seems to be no controversy over the facts. The vendor, before the execution of the note and mortgage, did file, in the office of the clerk of the proper county, what purports to be a copy of the letters-patent. The only authentication to the copy was an affidavit by the vendor as required by the statute. The affidavit is as full and precise as the statute requires. The appellant contends that this made it an authenticated copy, within the meaning of the statute.

The authentication of a written instrument is such official attestation as will render it legally admissible in evidence. Am. and Eng. Encyclopædia of Law, vol. 1, 1020; Burrill's Law Dictionary, Bouvier's Law Dictionary, Rapalje & Lawrence Law Dictionary, Century Dictionary.

A copy of letters-patent is, therefore, duly authenticated only when it bears such official attestation as will render it legally admissible in evidence.

It will hardly be contended that the affidavit of the vendor of a patent right, that his letters-patent are genuine, that they have not been revoked or annulled, and that he has full authority to sell or barter the right, is such attestation as would justify the admission of a copy of the letters in evidence.

Section 892, U. S. Revised Statutes, 1878, provides that " Written or printed copies of any records, books, papers, or drawings belonging to the patent-office, and of letters-patent, authenticated by the seal and certified by the commissioner or acting commissioner thereof, shall be evidence in all cases wherein originals could be evidence."

In our opinion this is the method of authentication contemplated by the statute; and that, until copies of letters patent are thus authenticated, they are not " duly authenticated" within the legislative meaning. An examination

of the statute renders it apparent that the legislature contemplated an authentication separate and apart from the affidavit of the vendor. This accords with the conclusion reached by the Floyd Circuit Court, and the judgment of that court is therefore affirmed.

Filed December 15, 1892.