## NEW ERA MILLING CO. et al. v. THOMPSON et al.

No. 13321—Opinion Filed Sept. 9, 1924.

Rehearing Denied Nov. 12, 1924.

(Syllabus.)

**1. Chattel Mortgages—Validity of Filing— Necessity for Original Mortgage.**

The only "authenticated copy" of a chattel mortgage which the county clerk, by virtue of sections 7650 and 7653, Comp. Stat. 1921, is permitted to file is a copy of the original chattel mortgage duly certified by the county clerk under the provisions of sections 638 and 7658, Comp. Stat. 1921. The filing of a copy not so certified is a nullity. The original chattel mortgage must be lawfully on file with the county clerk when he makes his certification, and the withdrawal of the original chattel mortgage from such files is permissible only when same is to be canceled as provided in section 7656, Comp. Stat. 1921.

**2. Same—Filing Copy at Request of Mortgagee—Invalidity.**

When a county clerk, at the request of the mortgagee or with his knowledge and consent, fails to file the original chattel mortgage when it is presented to him, but returns same to the mortgagee and in lieu thereof files an unauthenticated copy, the error is one of the mortgagee as well as of the clerk, and the filing is a nullity.

Error from District Court, Ottawa County; J. G. Austin, Special Judge.

Action by New Era Milling Company et al. against T. H. Thompson and G. O. Shepherd. Judgment for defendants, and plaintiffs appeal. Affirmed.

Chas. R. Nesbitt for plaintiff in error.

D. H. Wilson and Geo. T. Webster for defendants in error.

LYDICK, J. The New Era Milling Company, a corporation, obtained from L. A. Miller, as mortgagor, a chattel mortgage upon certain chattels located in Ottawa county, Okla., to secure an indebtedness owing by him unto the milling company. Upon default, the company instituted an action in foreclosure in the district court of Ottawa county and made T. H. Thompson and G. O. Shepherd additional defendants therein on account of their claim of a lien upon these chattels. Thompson and Shepherd filed a cross-petition, claiming a chattel mort-

gage lien upon the same chattels to secure an indebtedness owing by Miller unto them. The facts material to the issues in the case were found by the lower court, and after a careful examination of the record, we approve the findings made. The agent of the New Era Milling Company, a corporation, mortgagee, went in person to the office of the county clerk and handed to that officer the original chattel mortgage and asked the clerk to record the same and return the original to the mortgagee. The clerk informed him that a chattel mortgage must be filed and not recorded, and thereupon the clerk and the agent of the mortgagee entered into an oral agreement by the terms of which it was understood that the mortgage would be left with the clerk, who would have a photographic copy made thereof and that he would file the photographic copy and return the original chattel mortgage to the mortgagee. This was done.

Thereafter the defendants, Thompson and Shepherd, without actual knowledge of the existence or filing of the chattel mortgage from Miller to the milling company, obtained a chattel mortgage from Miller securing an indebtedness due from Miller to Thompson and Shepherd. This chattel mortgage was duly filed according to law.

In the issues as framed in the lower court, the sole question for determination was the priority of the lien of the New Era Milling Company under its mortgage and the lien of Thompson and Shepherd under their mortgage taken at a later date.

The lower court held the mortgage of the New Era Milling Company, a corporation, not lawfully filed and rendered judgment holding the lien of the defendants, Thompson and Shepherd, to be superior to that of the milling company. The New Era Milling Company appealed by petition in error with case-made attached.

It is provided in section 7650, Comp. Stat. 1921, that a chattel mortgage is void against creditors "unless the original, or an authenticated copy thereof, be filed." In section 7653, Comp. Stat. 1921, it is provided, in effect, that where the chattels covered by such a chattel mortgage are located in two counties, that:

"A copy of the original mortgage may be authenticated by the register of deeds in whose office it is filed, and such copy may be filed in any other county with the same effect as to the property therein that the original could have been."

If, by the first section of the statutes to which we have referred, it was intended by the lawmakers that the mortgagee at his option could always file a copy in lieu of the original, then there can be no possible reason or excuse for the enactment of the later and second section of the statutes above quoted. Under the well-recognized rules of statutory construction, we are not permitted to approve such a theory of useless and intentionless action on the part of the lawmakers. Construing the two sections of the statute together and giving effect and usefulness to each, as we are required to do, we must hold that, where the chattels mortgaged are all located in one county, the original mortgage, and not a copy, must be filed to satisfy the requirements of the statute.

Our position is further fortified by a consideration of the phrase, "an authenticated copy thereof." In the case of Mayfield v. Sears (Ind.) 32 N. E. 816, the court said:

"The authentication of a written instrument is such official attestation as will render it legally admissible in evidence. 1 Amer. & Eng. Enc. Law, 1020; Burrill Law Dictionary; Bouvier Law Dictionary; Rap. & L. Law Dictionary; Cent. Dictionary."

In Ardway v. Conroe, 4 Wis. 45, 50, the court said:

"Authentication of any document is that which is certified concerning it by the proper certifying officer."

A chattel mortgage is an instrument "authorized or required by law to be filed or recorded" in a public office. By section 7658, Comp. Stat. 1921, the duty to authenticate a copy of a chattel mortgage is specially placed upon the county clerk, and general provision for such authentication is provided in section 638, Comp. Stat. 1921, which reads as follows:

"Copies of all papers authorized or required by law to be filed or recorded in any public office, or of any record required by law to be made or kept in any such office, duly certified by the officer having the legal custody of such paper or record, under his official seal, if he have one, may be received in evidence with the same effect as the original when such original is not in the possession or under the control of the party desiring to use the same."

The filing and recording officer, no less than the court, should zealously demand the genuine and reject the spurious. A mere purported copy of an instrument not bearing the genuine signature of the maker cannot in reason here be given legal effect except when some one in authority certifies to its genuineness, and by "authority" we mean some one to whom, by law, this power has been

given. Under our statutes this power as to a chattel mortgage is vested solely in the county clerk. A copy of a chattel mortgage not authenticated by him is not entitled to be filed, and if filed, the filing is a nullity. See Geo. O. Richardson v. Orville Shelby, 3 Okla. 68, 41 Pac. 378.

It is the theory of the lawmakers that the original mortgage, or an authenticated copy where same is permissible, remain in the county clerk's office for the perusal of those interested parties to whom, by statute, constructive notice thereof is assigned. Same cannot be withdrawn until it is canceled. See section 7656, Comp. Stat. 1921. The mere entries concerning same in the index record of the county clerk, as required by section 7657, Comp. Stat. 1921, is not sufficient to satisfy the statute. See T. B. Townsend Brick & Contracting Co. v. Allen (Kan.) 59 Pac. 683; Murray v. Geeser Mfg. Co. (Kan.) 99 Pac. 589.

The provisions of section 7657, supra, requiring us to disregard immaterial errors in the copy filed, contemplate nevertheless the filing of either the original or, where permissible, a duly authenticated copy. and do not justify us in disregarding the statute requiring the copy filed to be authenticated as by law required. Under these statutes the county clerk cannot, by his certificate, authenticate a copy of a chattel mortgage except when the original is on file in his office. The net result, therefore, is that the original chattel mortgage must in all cases be filed and an authenticated copy can be filed in satisfaction of the statutes only in those counties where filing is necessary to be had also in other counties as provided for in section 7653, supra.

We are now reminded that it is provided in section 7657, supra, "and the negligence of the officer with whom a mortgage is filed does not prejudice the rights of the mortgagee." Our attention is called to the following authorities on this point: Covington v. Fisher, 22 Okla. 207, 97 Pac. 617; Castillero v. U. S., 2 Black, 17-97, 17 L. Ed. 360; Keys v. First Nat'l Bank of Claremore, 22 Okla. 174, 104 Pac. 346, 18 Ann. Cas. 152; Dabney v. Hathaway, 51 Okla. 658, 152 Pac. 77; Hodges v. Simpson, 89 Okla. 80, 213 Pac. 737.

The proven and admitted facts in this case are that the mortgagee, when he handed the original chattel mortgage to the county clerk. asserted that he was unwilling to leave the original chattel mortgage on file, and that the mortgagee, of his own volition. entered into an oral agreement then and there with the county clerk by the terms of which they

had made a photographic copy of the original chattel mortgage and filed same and left same on deposit with the county clerk in lieu of the original instrument. The voluntary acts and omissions of the mortgagee produced a failure to comply with the statutes, and for his own dereliction he must answer here. The rules and authorities cited relate to cases where noncompliance with the statutes was caused solely by the fault of the officers. They are not applicable here.

The judgment of the lower court is affirmed.

JOHNSON, C. J., and BRANSON, HARRISON, and WARREN, JJ., concur.