## BROWN v. STROETER.

### No. 21915.

Kansas City Court of Appeals. Missouri.

Dec. 7, 1953.

Walter A. Raymond, Kansas City, for appellant.

Robison & Miller, Maysville, Cross & Cross, Lathrop, for respondent.

DEW, Judge.

Plaintiff brought this suit in equity to cancel a house lease and to recover the first installment of $45 paid in advance under its terms. By default the court decreed cancellation of the lease and awarded plaintiff $45, as prayed. Motion for new trial was filed by defendant, which was overruled. Defendant has appealed.

The petition in the case, in brief, is for the cancellation of a 14 month lease of a house in Lathrop, Missouri, owned by defendant, and for judgment for $45, the first monthly rental payment made thereunder. It is based on a plea of fraud and misrepresentation on the part of defendant lessor as to the condition of the plumbing in the house, which plaintiff alleged leaked and flooded parts of the house im-

mediately upon the turning on of the water supply, rendering it uninhabitable. It is alleged that the condition was latent, not ascertainable upon inspection of the house by the plaintiff, and that on demand defendant has refused to surrender and cancel the lease, or to refund the $45 payment; that plaintiff has surrendered the key and possession to the defendant, and defendant has, in the meantime, rented the premises to other tenants and, nevertheless, is now harassing plaintiff in another action for payment under the lease.

Defendant's answer admitted the ownership of the property and the execution of the lease by the parties, but denied that she rescinded the lease, and denied all other allegations of the petition. She alleges she later rented the premises to another tenant to reduce the damages sustained, and states that there is pending a suit for damages against plaintiff for rents due under the lease, to be tried within a month, and the plaintiff is indebted to the defendant in the sum of $585, all of which is pending in said case in Kansas City, Jackson County, Missouri. The answer is signed by defendant in person with address given as 5020 Grand Avenue, Kansas City, Missouri.

After a change of venue was taken by defendant and the cause sent to DeKalb County, the case was set for trial on May 7, 1952. It was later set for June 6, 1952, but the record does not show at whose request. The parties filed a stipulation to hold the pending litigation at Kansas City in abeyance awaiting the disposition of this cause. Thereafter this case was continued to November 21, 1952.

When the case was called for trial on November 21, 1952, plaintiff, by his counsel, announced "ready". When the defendant was called, the court was informed that she had been notified of the setting by registered mail. The court had her orally called three times and no response was heard. The court proceeded to hear the evidence of the plaintiff, stating that about 5:00 p. m. the previous evening an attorney, who had been representing defendant, called by telephone and said he had withdrawn from the case and returned his fee. The judge said that six or eight lawyers had been in this case; that at least once before when the case was called, a similar situation had arisen with respect to defendant's counsel, resulting in a continuance to enable her to get new or additional lawyers and the court now felt that she had been given full opportunity to secure counsel, and it could not undertake to insure the presence of her or her counsel in court. The court proceeded to hear the evidence of the plaintiff, which tended to prove the allegations of the petition.

At the close of the taking of the testimony in the default proceedings above described, the judge suggested that the record should show that at 10:25 that morning a telephoned message had been received from John Landis, III, attorney at St. Joseph, informing him that Mr. Landis had been employed in the case and wished to talk with the court about a resetting of it. On the same day of the hearing a judgment was entered by the court canceling the lease and awarding the plaintiff judgment for $45 and costs.

Defendant filed her motion for new trial on grounds that she had a good and meritorious defense; that defendant was unable to present the said defense to the court at the trial due to circumstances beyond her control, which consisted of the following facts: that about 4:30 p. m. on the day before the trial her counsel at St. Joseph was ready for trial and expected to attend the same on the following day but that he thereupon notified her that he was withdrawing from the case and would not represent her the following day; that this was her first notice of her attorney's withdrawal and was without her suggestion or consent, nor with any other motive on the part of her or said attorney for delay or advantage in the case; that immediately defendant undertook to obtain other counsel that afternoon and night, and on the following morning she called at the office of John C. Landis, III, at St. Joseph, at 8:30; that not until 9:30 a. m. was an agreement reached that Mr. Landis should

represent her, whereupon he placed a long distance call for the judge at Maysville, Missouri, but was unable to reach him. At 10:30 a. m. a report was received that the judge was still unavailable and a message was sent to the judge by others, and defendant immediately started driving to Maysville, where the judge was informed of the situation. The motion for new trial also contained grounds that to refuse a new trial would be an abuse of discretion by the court; that the petition did not state sufficient facts to entitle plaintiff to relief and on grounds that the judgment was not supported by the pleadings or the evidence. She also alleged that, as evidence of good faith, she would agree, if the motion for new trial were sustained, that her case against the plaintiff in the magistrate court in Kansas City should await the disposition of the instant case.

Attached to the unverified motion for new trial is an affidavit of John C. Landis, III, of St. Joseph, Missouri, wherein he affirms substantially the allegations of the defendant respecting the withdrawal of her attorney and affiant's employment as his successor. He stated further that he had to attend another case for hearing in Buchanan County at 10:00 a. m. on November 21, and was unable to go to Maysville to attend the trial of the present case, and agreed to represent the defendant with the understanding that he would undertake to get the case continued, and that he accordingly tried to communicate with the judge, as stated in the motion. Affiant further stated that he had talked with former counsel for the defendant and firmly believed that the latter's withdrawal was not caused by any act of the defendant in any collusion or scheme to delay the cause.

According to the statement of the court into the record, defendant's counsel requested that the hearing on the motion for new trial be set within 30 days of the judgment, and the court set the hearing for December 9, 1952. The record shows that the day of the hearing of the motion for new trial, her counsel, Mr. Landis, appeared, but defendant did not. Counsel explained that he did not know why defendant was not present, that he had written her at the address given, telling her of the setting and suggesting a check on account of fees; that she had no telephone; that he needed her to prove she had a real defense to the lawsuit, and asked for further time. In the course of the proceedings at the hearing of the motion for new trial the following occurred:

"The Court: The Court advised Mr. Landis some four or five days ago that he would be glad to take up the matter at 9:30 a. m., on Tuesday, December 9, 1952, at Maysville. The defendant's attorney, Mr. Landis, was present at 9:30 on that day; the Court was present. Mr. Landis advised the Court that he had written a letter to the address of his client, as his records showed it, advising her that the matter would be taken up at this time, and advising her to be present. The defendant was not present at 9:30 on said date, and at 10:45 the Court expressed his willingness to take up the matter. Mr. Landis made a statement saying that he advised his client to be present, that he didn't know why she wasn't here, and that in her absence he had no witness to make any sort of showing that she did have a real defense to the lawsuit. You are requesting that we continue it again?

"Mr. Landis: Yes, Judge, I have no knowledge of the fact that she received any letter. All I know is that I mailed it—my carbon copy shows it was mailed to the correct address—whether she wasn't home or whether the letter got there I don't have any knowledge. I would like to have her given an opportunity, because she tells us she has a meritorious defense. I can't testify to that, because it is hearsay, but I do know her counsel did withdraw at 4:30 * * * you say he called the Court at five o'clock the day before the case was set. She called at 7:30 a. m., the next morning, saying she had tried unsuccessfully to get me the night before * * * I wasn't home the night before * * * and she was at my of-

fice at 8:30. She talked for more than an hour before I agreed to accept employment. I put in the call at 9:30 a. m., November 21st.

"The Court: I think I might say if this was the whole story I would have continued the case the other day, but it is not the whole story. First a change of venue was taken; that is all right; it brings it from Clinton County up here. Then I can't name the names, but there have been at least five or six different lawyers in this case * * *

"Mr. Cross: Judge, eleven lawyers.

"The Court: Counsel says there have been eleven lawyers in the case. The case is set for trial. One lawyer she had recently employed in Kansas City is sick. He asked that I continue the case. I continued it. It is set again for trial, at Maysville, and again at the very last minute counsel has difficulty with his client and withdraws from the case. I again continue the matter. She doesn't show up herself even on that occasion. I continued the matter of my own motion and have the Clerk or the Court Reporter write her and set it at a distant time in the future, and ask her to secure counsel and be present.

"Judge Frankenhoff isn't the first lawyer, and you are having the same experience with her this morning; it is just a continuing of the same situation. You are employed by her a few weeks ago and you write her to come and take up this matter. She doesn't come, when you ask her to. She isn't here in court. It isn't the first time. If it had been the first time * * * this occasion the other day when there were difficulties of some sort * * * I don't know what * * * between herself and Judge Frankenhoff * * * he withdraws at the last minute * * * I certainly would have continued it, but as I said on the 21st * * * there is further evidence of it here this morning by her not show-

ing up either before this court here in response to your request * * * I think there comes a time when as I said on the 21st of November, when the Court feels it is impossible for him to see to it that she is present with counsel. What course is open to me— to continue the case and let the same thing recur again and again or enter default judgment or disqualify myself in the matter and send it to some other judge and put him through the same thing for another nine months until he gets acquainted with the situation?

"Without any feelings of rancor or anger of any kind I do cold-bloodedly feel that I have given this defendant every consideration * * * every courtesy * * * every continuance * * * every opportunity that her circumstances and situation or condition here requires. Do you want to say anything else about it, Mr. Landis? You probably don't know all these things.

"Mr. Landis: Well, I know she had eight lawyers; that is why it took her an hour to convince me to get into the case. I did only because it was 9:30".

Following the foregoing statements of court and counsel the court overruled the defendant's motion for new trial.

The defendant points out that the new Civil Code is designed to secure a determination of civil actions upon their merits and discourages default judgments; that the denial of a new trial on the merits in the instant case is a violation of the above policy and purpose. The first error assigned is that the court abused its discretion in failing to continue the case when advised the evening before the trial that defendant's counsel had withdrawn, and, on the morning of the trial received a message that defendant's new counsel was seeking a continuance of the case. The second error assigned is that the court erred in overruling the motion for new trial under circumstances which would work no harm or injustice upon the plaintiff. It is not disputed that the actions of

the court at both hearings were matters resting in the sound discretion of the court. The sole question is: did the court abuse its discretion in the respects claimed?

It is true that our Civil Code is designed to secure just, speedy and inexpensive determination of controversies upon their merits. Strohm v. Boden, 359 Mo. 573, 222 S.W.2d 772, 775. Whether or not the court has abused its discretion in the matter of proceeding with the hearing of a case in the absence of a party or his attorney depends upon the particular facts and circumstances in the given case. It is apparent from the reading of the remarks of the court at the time of the hearing of this case on its merits that the court took into consideration the facts and circumstances relative to the nonappearance of the defendant and her counsel, and judicially weighed her rights in the matter. The court pointed out that defendant had been represented at different times by six or eight different lawyers and had previously caused delays by belated change of counsel, and various continuances. We cannot, in view of the record, conclude that the court, in proceeding with the default hearing on the merits, abused its discretion in so doing.

As to the hearing on the motion for new trial, it is true that the defendant had filed an answer in the case and, through her new counsel, had secured a date for a hearing on the motion at a time to suit the convenience of such counsel. The fact that her counsel was present and seeking a further delay in the hearing of the motion because of the nonappearance of defendant, whose absence he was unable to explain after his written notice to her of the time and place of the hearing, together with the other reasons assigned by the court, fully justified the action of the court in overruling the motion and was not, in our opinion, an abuse of sound discretion.

Pending this appeal defendant has lately lodged in this court certain unverified data touching the matter of de-

fendant's notice of the date and place of the hearing on the motion for new trial. This being no part of the record, we cannot consider it. "Ordinarily, the correctness of the ruling complained of will be determined on appeal as of the time when it was made and according to what the record shows was before the lower court at that time." 5 C.J.S., Appeal and Error, § 1487, page 133; National Cypress Pole & Piling Co. v. Hemphill Lumber Co., 325 Mo. 807, 822, 31 S.W.2d 1059.

Judgment affirmed.

All concur.