Argued June 9, affirmed September 3, 1976

# GEM MANUFACTURING CORPORATION,
## *Respondent,*
### *v.*
# LENTS INDUSTRIES, INC., *Appellant.*

554 P2d 166

*Denton G. Burdick, Jr.,* of Schwab, Burdick & Hilton, Portland, argued the cause and filed briefs for appellant.

*William N. Stiles,* of Sussman, Shank, Wapnick & Caplan, Portland, argued the cause and filed a brief for respondent.

HOLMAN, J.

## HOLMAN, J.

Pursuant to the provisions of ORS ch 24 (the Uniform Enforcement of Foreign Judgments Act) plaintiff petitioned, successfully, to register in this state an Ohio judgment rendered in its favor against defendant. Defendant appeals from an adverse judgment which was entered on the basis of the registration of the Ohio judgment. ORS 24.070.

Plaintiff, an Ohio corporation, entered into an agreement with defendant, an Oregon corporation, to sell and deliver to defendant a specified quantity of tent pins. Plaintiff delivered a portion of the agreed quantity which defendant retained but for which it failed to make any payment. No further deliveries were made. Plaintiff thereafter brought an action in Ohio to recover for the tent pins delivered and served defendant by certified mail in Portland, Oregon, return receipt requested. Defendant made no appearance in the Ohio action and a default judgment was rendered for plaintiff.

Plaintiff then commenced the present proceeding to register the Ohio judgment in Oregon. Defendant's answer, while admitting the existence of the Ohio judgment, alleged in defense that it was void due to that court's lack of personal jurisdiction over defendant. Defendant's answer also contained a counterclaim for breach of contract based on allegations of plaintiff's failure to deliver the entire specified quantity of tent pins.

Plaintiff moved to strike portions of the affirmative defense of lack of jurisdiction and to strike the counterclaim in its entirety. The trial court denied the motion with respect to the allegations of lack of jurisdiction, but it ordered the counterclaim stricken and gave defendant ten days to file an amended pleading. Defendant then moved the court to reconsider its order striking the counterclaim, but the court denied the motion and again directed defendant to file an amended pleading within ten days. Defendant refused

to plead further, and the court entered the judgment for plaintiff from which defendant now appeals.

■ The only question raised by this appeal is whether a counterclaim may be entertained in an action brought under the Oregon version of the Uniform Enforcement of Foreign Judgments Act.[1] The trial court granted plaintiff's motion to strike on the basis that counterclaims could not be asserted in such an action, and it is this ruling which constitutes defendant's only assignment of error.[2] Resolution of the issue turns on the meaning and effect of ORS 24.080, which states in part:

> "Defenses. Any defense which under the law of this state may be asserted by the defendant in an action on the foreign judgment may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. * * *."

In 1955 the Oregon Legislature enacted into law the

[1]This issue was noted but specifically not decided in *NW Lumber v. Continental For. Prod.,* 261 Or 480, 482 n. 2, 495 P2d 744 (1972).

[2]Defendant attempts to argue the question of jurisdiction in its brief. However, it had its choice of (1) filing an amended pleading, trying the case on the affirmative defense of lack of jurisdiction of the Ohio court and, if it lost, appealing on both the jurisdictional issue and the striking of the counterclaim, or, if it won, appealing on the counterclaim issue only; or (2) doing what it did, which was to take a dismissal for failure to plead over when its counterclaim was stricken and to appeal on that issue alone. There was no hearing or decision at the trial level on whether the Ohio court had jurisdiction, and defendant, by its tactics, has waived that issue. To hold otherwise would allow defendant to appeal to this court an issue which the trial judge never heard, or, if the case were remanded back to the trial court for a hearing on jurisdiction, to afford defendant a possible opportunity for another appeal on that issue.

Defendant seems to argue that in the consideration of whether or not to allow a counterclaim in a registration proceeding, a distinction can be made between a situation where the state of origin of the judgment had jurisdiction over the defendant and one where it did not have jurisdiction. It contends there is a basis for allowing a counterclaim in the latter situation even if it is improper to allow one in the former and that whether the Ohio court had jurisdiction is therefore relevant to whether defendant should have been permitted to file a counterclaim. It admits that if the Ohio court had jurisdiction over it, that court's judgment is final; but it contends that if the Ohio court did not have jurisdiction, "the matter ends unresolved," and the parties, since they are now here in Oregon, should be permitted to "fight it out." We believe that this distinction is irrelevant to whether the pleading of a counterclaim should be allowed. The Oregon court has jurisdiction of plaintiff whether or not plaintiff's Ohio judgment is void, and the arguments for allowing the filing of a counterclaim are the same in either instance.

version of the Uniform Enforcement of Foreign Judgments Act approved by the National Conference of Commissioners on Uniform State Laws in 1948. Prior thereto a foreign judgment was viewed as affording the judgment holder only a new cause of action, which had to be sued upon and reduced to a personal judgment[3] in order to be recognized and to activate the enforcement machinery of the state of recognition. This procedure was cumbersome and expensive.[4]

■ The 1948 version of the Uniform Act essentially establishes a summary procedure for rendering a new judgment on an out-of-state judgment.[5] The statute must be interpreted in light of the purpose of expediting the recognition and the enforcement of foreign judgments. As to the judgment debtor's position, the draftsmen of the 1948 Uniform Act were primarily concerned with preserving his right to assert defenses going to the *validity* of the foreign judgment to insure that the issue of whether the judgment was entitled to full faith and credit could be resolved in the summary proceeding.[6] The draftsmen apparently recognized,

---

[3]It was also possible to bring a *quasi in rem* proceeding by attaching property of the judgment debtor in the new state and giving substituted service.

[4]*See generally* Leflar, *The New Uniform Foreign Judgments Act,* 24 NYU L Q 336, 337-38 (1949).

[5]In 1964 the National Conference of Commissioners on Uniform State Laws approved a revised version of the Uniform Act, which simplifies the procedure even further by providing for the direct registration of a foreign judgment, rather than the issuance of a new judgment, which is then subject to the same treatment as a judgment of the state of registration. Uniform Enforcement of Foreign Judgments Act (1964 Rev. Act), 13 Uniform Laws Ann. 171 (West 1975). The revised version has not been adopted in Oregon.

[6]The Commissioner's Prefatory Note states:

"The mobility, today, of both persons and property is such that existing procedure for the enforcement of judgments in those cases where the judgment debtor has removed himself and his property from the state in which the judgment was rendered, is inadequate. *By this act procedure is made available under which the judgment creditor can effectively obtain relief and at the same time adequate protection is given the judgment debtor to present any defense that can now be interposed to an action on such judgment.*" (Emphasis added.) Uniform Enforcement of Foreign Judgments Act (1948), 13 Uniform Laws Ann. 181 (West 1975).

however, that under the local law of many states the debtor was permitted to assert other claims in an action on a foreign judgment.[7] Thus, in drafting section 8 of the 1948 Uniform Act, they provided an option for permitting other claims, as follows:

> "Any defense [set-off] [counter-claim] [or cross complaint] which under the law of this state may be asserted by the defendant in an action on the foreign judgment may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. Such pleadings must be filed within [sixty days] after personal jurisdiction is acquired over him or within [sixty days] after the mailing of the notice prescribed in section 5." (Brackets in original material.)

■ The optional language providing for assertion of set-offs, counterclaims or cross complaints was not included by the legislature in our version of the Act. Defendant argues that the exclusion should not be taken as evidence of a legislative intent to prohibit such claims under the Act but should be regarded merely as a move to eliminate possible confusion because, at the time of passage, Oregon procedure made no provision for "cross complaints." The contention is not persuasive. Had the legislature wished to avoid a confusing reference to cross complaints, it could have excised that portion alone.

■ We view the omission of the bracketed material to be entirely consistent with the purpose and summary nature of proceedings under the Act and deem it convincing evidence of the legislature's intent to preclude the assertion of counterclaims in such a proceeding. The debtor should have the opportunity to present defenses for the purpose of impeaching the validity of the judgment,[8] but it is reasonable to end the inquiry there. As we stated in *Stone v. Stone,* 268 Or 446, 449, 521 P2d 534 (1974):

> "The function of a proceeding under ORS Chapter 24 is

---

[7] *See* 47 Am Jur 2d 38, *Judgments* § 918 (1969).

[8] On the issue of defenses, *see Hatch v. Hatch,* 247 Or 588, 590-91, 431 P2d 832 (1967).

simply to convert a valid judgment of a sister state into an Oregon judgment enforceable in the Oregon courts. *The only relevant inquiry in such a proceeding is the validity of the foreign judgment."* (Emphasis added.)

The presence of counterclaims can complicate the inquiry with extraneous issues and thus defeat the purpose of the summary proceeding.[9]

The judgment of the trial court is affirmed.

---

[9] The cases from Illinois and Arkansas cited by defendant as implying that counterclaims may be asserted under the 1948 Uniform Act are no authority for its position. There is no indication that *Davis v. Nehf,* 14 Ill App 3d 318, 302 NE2d 382 (1973) was brought under the Illinois version of the Uniform Act but, even assuming that it was, Illinois retained the language allowing for counterclaims. Ill. Ann. Stat. ch. 77, § 95 (1966). Arkansas also retained the provision for counterclaims. Ark. Stat. Ann. tit. 29, § 808 (1962).