Thomas A. CONCANNON, Appellee,

v.

Richard D. HAMPTON, Appellant.

No. 49748.

Supreme Court of Oklahoma.

Sept. 12, 1978.

Kenneth I. Jones, Jr., Eagleton, Nicholson & Pate, Oklahoma City, for appellee.

William D. Graves, Oklahoma City, for appellant.

DOOLIN, Justice:

Plaintiff, Thomas A. Concannon, as the holder of a Missouri judgment for $15,-000.00 against defendant Hampton, filed his judgment and affidavit in the district court of Oklahoma County pursuant to the Uniform Enforcement of Foreign Judgments Act of 1964, 12 O.S.1971 §§ 719–727 (the act). Defendant filed his response in which he asserted improper notice under the act and unavoidable casualty and misfortune in being unable to be present in person at the Missouri trial. He later filed an answer and counterclaim alleging fraud perpetrated by plaintiff. Plaintiff filed a motion to strike defendant's counterclaim and a motion for summary judgment. Defendant also filed a motion for summary judgment. During the process of the litigation, plaintiff died and Mercantile Trust Company of

St. Louis, as executor of the estate, was substituted as party plaintiff. The trial court ruled in favor of plaintiff sustaining his motion for summary judgment and recognizing the Missouri judgment as enforceable. The order also found defendant was barred from asserting his counterclaim in the registration proceeding under the act.

Defendant appeals.

Defendant asserts the Missouri judgment is not entitled to full faith and credit because it was not a final judgment and because defendant, although represented by counsel at the Missouri trial, was not present in person. He also claims the Oklahoma Court did not have authority under the act to consider the Missouri judgment for the following reasons: (1) the judgment as filed was not authenticated as required by § 721 of the act, (2) plaintiff failed to give notice as required by § 722 of the act and (3) trial court improperly substituted executor Mercantile Trust Company as party plaintiff. Finally he claims trial court erred in denying his counterclaim.

We are given no reasonable basis on which to hold the Missouri judgment was not a valid judgment. It orders that plaintiff recover of defendants the sum of $15,000.00 as assessed by a jury. The order states all parties were present "in person and by their respective attorneys". Defendant claims he was *not* there in person, but only through his attorney. He further claims by his not being present in person through no fault of his own,[1] the defense of unavoidable casualty and misfortune applies to enforcement of the judgment in this state.

Mere failure of a defendant or his attorney to learn that a case is set for trial is not sufficient ground in this state for vacating a judgment.[2] In Missouri, whether or not a trial court abuses its discretion in proceeding in a civil case in absence of a party depends on the particular circumstances.[3] Defendant shows us no prejudice in his not being present in person at the trial. He was represented there by his attorney. The judgment is final; there was no appeal taken in Missouri wherein he could have raised these objections to the correctness of the judgment. We hold the judgment is entitled to full faith and credit.

Defendant claims lack of authentication as required by the act invalidated the judgment.

Section 721 of the act states:

"A copy of any foreign judgment authenticated in accordance with the applicable act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the District Court of any county of this state. A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a District Court of this state and may be enforced or satisfied in like manner."

Authentication may be defined as the act of giving legal authority to a written instrument or a certified copy thereof, so as to render it legally admissible into evidence.[4] Defendant did not raise the issue of lack of authentication at trial. In fact he stipulated to its admissibility. Authentication is evidentiary, not jurisdictional. Defendant has therefore waived any objections to the

---

1. Defendant's attorney called him long distance from St. Louis thirty minutes before trial was scheduled to be held.

2. *Sautbine v. Jones*, 161 Okl. 292, 18 P.2d 871 (1933).

3. *Brown v. Stroeter*, 263 S.W.2d 458 (Mo.App. 1953); *State v. Hurst*, 347 S.W.2d 177 (Mo. 1961). The latter case was a civil proceeding to vacate an order in a criminal case. Also see *Rubbelke v. Aebli*, 340 S.W.2d 747 (Mo.1960).

4. Black's Law Dictionary 168 (4th Ed. 1968); *New Era Milling Co. v. Thompson*, 107 Okl. 114, 230 P. 486 (1926).

lack of authentication and may not raise that issue for the first time on appeal.[5]

■ Defendant's challenge to the validity of the notice under § 722(a)[6] is based on a failure of plaintiff to list his *own* St. Louis address. The affidavit filed by plaintiff under this section stated his last known address to be St. Louis, Missouri, without a post office box number or street address. The purpose of the address requirements is to insure defendant will be informed of the proceeding. Defendant's address was correctly listed and he had valid notice. He was in no way prejudiced by the absence of a box number for plaintiff. This is clearly not a basis for reversal.

■ Substitution of Mercantile Trust Company, the executor of the estate of deceased plaintiff was proper under 12 O.S. 1971 § 1080(a), (c). 58 O.S.1971 § 262, permits any "person" to whom letters testamentary have been granted in another state to prosecute and recover any claim in Oklahoma courts. We do not agree with defendant's conclusion this precludes a Trust Company from so acting. Trust Companies have statutory authority to serve as executors in Oklahoma under 6 O.S.1971 § 1001(6).

■ Defendant's final contention pertains to the trial court's refusal to allow him to prosecute his counterclaim. Defendant claims he instructed his attorney to file a counterclaim for fraud in the Missouri action. This the attorney failed to do. The above cited § 721 of the act provides that a foreign judgment is subject to the same procedures, defenses and proceedings for reopening, vacating or staying as a judgment of a district court of Oklahoma. Defendant argues this is authority for his presenting his counterclaim for fraud in the Oklahoma action for enforcement of the Missouri judgment, even though he could

have pursued it in Missouri but did not do so.

There are two versions of the uniform act, the 1948 and the 1964. Oklahoma adopted the 1964 act. The 1948 act provided an alternative to adopting states in the provision reference defenses. Section 8 of the uniform 1948 act reads in pertinent part: "Any defense [set-off] [counterclaim] [or cross-complaint] which under the law of this state may be asserted by the defendant in an action on the foreign judgment may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions." One jurisdiction adopting this act but not adopting any of the bracketed terms addressed the problem of counterclaims in *Gem Manufacturing Corporation v. Lents Industries, Inc.,* 276 Or. 87, 554 P.2d 166 (1976). That court held Oregon Legislature's omission of the optional terms was sufficient evidence of its intent to preclude the assertion of counterclaims in such a proceeding. Defendant submits this decision is not persuasive in that Oklahoma did not adopt the 1948 uniform act. We do not agree. We did not adopt the 1948 act, thus we did not adopt the bracketed material potentially allowing counterclaims to be asserted in the proceeding. Draftsmen of the uniform 1964 act as well as the 1948 act were primarily concerned with preserving a defendant's right to assert defenses as to the *validity* of the foreign judgment, to insure that the judgment was entitled to full faith and credit.[7] The 1948 act was designed to shorten the time consuming procedure of enforcement of foreign judgments by providing a summary procedure. Because the method under this act still was not as simplified as in federal courts, the 1964 act was born, simplifying further the enforcement of foreign judgments.[8] It is evident this

---

5. *Short v. State,* 482 P.2d 592 (Okla.1971).

6. § 722 provides: "Notice of filing.—(a) At the time of the filing of the foreign judgment, the judgment creditor or his lawyer shall make and file with the clerk of the court an affidavit setting forth the name and last-known post-of-

fice address of the judgment debtor, and of the judgment creditor."

7. See *Gem Manufacturing Corporation v. Lents Industries, Inc.,* 276 Or. 87, 554 P.2d 166 (1976).

8. *Producers Grain Corporation v. Carroll,* 546 P.2d 285 (Okl.App.1976).

section does not contemplate allowing a defendant, in an action against him to enforce a foreign judgment, to pursue a counterclaim neither pleaded nor considered in the other state's forum. Trial court correctly denied defendant's counterclaim.

 Absent any question of jurisdiction over the defendant or the subject matter, full faith and credit must be accorded the judgment of a sister state and forum court may not rehear the case upon its merits, as it is res judicata concerning plaintiff's claim and *all defenses raised or which could have been presented.*[9]

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY and BARNES, JJ., concur.

SIMMS, J., concurs in part and dissents in part.

---

9. *Carlson v. Prestige Gas Co.*, 28 Ill.App.3d 926, 329 N.E.2d 477 (1975) decided under the uniform act.