Case 30—PETITION EQUITY—September 24.

## McKean v. Brown.

APPEAL FROM WHITLEY CIRCUIT COURT.

1. A DIVORCE BARS ALL CLAIM OF THE WIFE TO DOWER, as well in land conveyed, by the husband during the existence of the marital relation as in that of which he may die possessed.

2. PLEADING.—In an action to recover dower the plaintiff's allegation that she had been divorced from her husband can not be construed as meaning that she had been divorced from bed and board only.

·C. W. LESTER FOR APPELLANT.

A divorce does not bar the wife's claim to dower in any land of which the husband was possessed during the existence of the marriage relation. (Rich v. Rich, 7 Bush, 53.)

R. D. HILL FOR APPELLEE.

1. "A divorce bars all claim to curtesy or dower." The statute makes no exception. (General Statutes, chapter 52, article 4, section 14.)

2. The appellant's petition failing to allege the character of divorce, the presumption is that it was a divorce from the bonds of matrimony.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Elizabeth McKean, is seeking to recover dower in a tract of land owned by the appellee, Brown, alleging that on the 25th of September, 1870, she was the wife of the grantor, Hiram McKean, who was the owner in fee of the land, and after the marriage sold and conveyed it to the appellee. It is also alleged in the petition that at the death of Hiram McKean the appellant was not his wife, but had obtained a divorce from him several years prior thereto. A demurrer was sustained to the petition, and the appellant asks a reversal, because the judgment for a divorce does not bar such a recovery where the marital relation existed at the time of

the conveyance. The statute makes no such exception, but provides that "a divorce bars all claim to curtesy or dower." (General Statutes, chapter 52, article 4, section 14.)

The wife had no vested interest in the husband's lands during the coverture, and at his death, the marriage relation having been dissolved by the Chancellor, it can not be said that as the survivor she is entitled to dower in the land conveyed while she was the wife of the grantor, and at the same time denied the right to dower in the land of which he died possessed. At his death the appellant was not his wife or widow, and, therefore, has no interest in his estate.

It is urged that the statement in the petition, that she had been divorced from her husband, should be construed as meaning that she was divorced from bed and board only. Such a construction would not only favor the pleader, but is in direct conflict with appellant's own averment, viz: "That she was not the wife of McKean at the time of his death, having been divorced from him several years before."

Judgment affirmed.