## Bromley v. McCall, et al.

(Decided March 6, 1917.)

### Appeal from Boyd Circuit Court.

Divorce—Bars Claim of Wife to Dower—Statute.—Under section 2144 of the Kentucky Statutes, a divorce bars all claim of the wife to dower in the lands which the husband owned and conveyed at any time during coverture, as well as that of which he died seized.

JAMES A. WILLIAMS for appellant.

GEORGE B. MARTIN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

John B. Bromley and appellant, Elizabeth B. Bromley, were husband and wife, when, on January 12th, 1889, John B. Bromley conveyed to R. B. McCall, by deed of general warranty, a certain house and lot in Louisa Street, in Catlettsburg, of which he was the owner and in possession. Elizabeth Bromley did not join in this conveyance, and her potential right of dower in this real estate was not conveyed to McCall.

On the 4th day of June, 1915, Elizabeth Bromley instituted this action against the appellees, who, as heirs of R. B. McCall, now have title and possession of the property in question, alleging that her former husband, John B. Bromley, died in August, 1914, and that she then became entitled to dower in the property conveyed to McCall, by him, in which conveyance she did not join. Appellees, for answer, alleged that, on the 5th day of October, 1895, appellant was granted an absolute divorce from her husband, John B. Bromley, by judgment of the Boyd circuit court, which had jurisdiction of the parties to said action and of the subject matter thereof, and that, by reason of the divorce, appellant's contingent right to dower in the real estate described in the petition was barred. Appellant filed a demurrer to this answer, which was overruled. Appellant declining to plead further and the cause being submitted, her petition was -dismissed, and she has appealed.

Counsel for appellant admit that, prior to the enactment, by the legislature, of our present statute, known as the Weisinger act, an absolute divorce barred the widow's claim to dower, in a case similar to the one at bar. McKean v. Brown, 83 Ky. 208. The statute in-force at that time in this state provided, "A divorce from the bonds of matrimony shall bar all claim to curtesy or dower and distributive right." In lieu of this provision, the married woman's act of 1894, the Weisinger act, which was in force at the time appellant was divorced from her husband, and is now the law in this state, section 2144, Kentucky Statutes, provides: "Divorce from the bonds of matrimony shall bar all claim of either husband or wife to the property, real or personal, of the other after his or her decease." Appellant contends that, under this statute, she is only barred of the right to claim any interest in the property of which her husband died possessed, and that it does not cover

property which he owned during the coverture and transferred without her conveying her contingent right of dower. Her counsel contends, since the married woman's act of 1894 greatly enlarged the rights of married women in this state, in many of its provisions, the fact that the legislature, in the provision relating to the effect of divorce upon the property rights of the parties, omitted all reference to dower or courtesy, is significant of a legislative intent to change the effect of the provision theretofore in force and thoroughly understood under the constructions of this court; that if the legislature had not intended some change enlarging the married woman's property rights upon divorce, the language of the old statute would have been again employed; and that the change that the legislature intended by the new law was, to limit the bar to the property owned and possessed by the husband at the time of his death, and to exclude from its operation, any property he had conveyed without her joining in the conveyance, during coverture.

We are unable to concur in this construction of the statute, because, although there may have been no necessity for the use of other language than that employed in the old statute, to make the bar as comprehensive as it could be made, it certainly is a fact, nevertheless, that the language employed in the new act is even more comprehensive than that employed in the old act. While the old act made a divorce a bar to "all claim to courtesy or dower and distributive right," the new act made it a bar to "all claim of either husband or wife in the property, real or personal, of the other after his or her decease," which certainly includes all claim to dower or curtesy and distributive share. There is nothing whatever in the language employed in the new act to, in any way, restrict the bar; but, by its very terms, the new act makes the divorce a bar to every kind of claim by one of the divorced parties in the property of the other after his or her death, and it is only after the death of the husband, that the wife may assert any claim to dower in property of which he was seized and possessed during coverture.

While it is conceded, as stated in 14 Cyc. 887, that "Since it is within the power of the legislature to diminish, alter, or abolish dower so long as the right thereto is merely inchoate, but not after it becomes con-

summate by the death of the husband, it follows as a general rule that the widow's right to dower in lands of which the husband died seized is governed by the law in force at the time of his death," we are unable to discover in the new act, any legislative intent to so limit the bar of the divorced wife's right to dower as is contended for by appellant.

Wherefore, the judgment is affirmed.