## Sapp v. Sapp.

March 22, 1946.

850

Rodes K. Meyers and Delma L. Mauzey for appellant.

Allen P. Cubbage and Faurest & Faurest for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing

Appellee was granted a divorce from appellant, and awarded alimony in the lump sum of Thirty-Five Hundred Dollars ($3,500). The evidence in support of her charge of cruel and inhuman treatment is not sufficient, in our opinion, to justify the granting of the divorce; but we cannot reverse the judgment in that respect. KRS 21.060; Hanks v. Hanks, 282 Ky. 236, 138 S. W. 2d 362.

Since the Chancellor granted the divorce, appellee is precluded from ever sharing in appellant's estate, unless an award is made to her in this action. KRS 392.090; Bromley v. McCall, 174 Ky. 415, 192 S. W. 507. Her evidence shows that her reason for parting with her husband was based upon mere suspicions of his infidelity. Consequently, she is not entitled to an award of alimony, as such; nevertheless, the facts of the case require a divison of the property. The parties have been married since 1922; at that time, neither was possessed of any estate. Appellant was a tenant farmer, and about the year 1933 moved onto a farm owned by appellee's father, and which the latter deeded to appellee in the year 1939, reserving for himself a life estate. The father continuously paid the taxes on the farm, but did not charge any rent or participate in the profits therefrom. As a result of this arrangement, appellant and appellee have accumulated, in the former's name, property in the approximate amount of Seventy-Five Hundred Dollars ($7500). The evidence shows appellee to have been extremely industrious; and we cannot lose sight of the fact that her industry has contributed to the accumulation of this estate, and that, in equity, she is entitled to participate in its distribution, despite the fact that, in our opinion, she, more than he, is responsible for the separation. We have concluded, after a care-

ful review of the evidence, that appellee is entitled to an allowance of Twenty-Five Hundred Dollars ($2500), which is approximately one-third of the jointly accumulated property. Appellant contends that he is entitled to an offset, by reason of improvements he has made on the farm owned by appellee and her father. But such improvements, in turn, are more than offset by the reasonable rental value of the farm for the period of time appellant was in its tenancy. Appellant additionally claims that he is entitled to be adjudged part owner of the farm, by reason of an oral agreement between appellee's father and him. This matter was adjudicated contrary to this contention in a separate action between those parties; the judgment in that case was affirmed by this Court in Sapp v. Likens, 301 Ky. 445, 192 S. W. 2d 394, and, under the doctrine of res adjudicata, is conclusive of the question on this appeal.

Appellant finally complains, and we agree, that the award of Five Hundred Dollars ($500) to appellee's attorneys is excessive. The services rendered were the usual ones in the average divorce case, and appellee's attorneys' fees chargeable to appellant should not exceed Two Hundred Fifty Dollars ($250).

For the reasons assigned, the judgment is reversed, with directions that another be entered in conformity with this opinion.