Charles J. HANSHEW, Appellant,

v.

Loretta Wallee MULLINS, Appellee.

Court of Appeals of Kentucky.

Dec. 18, 1964.

Boyd F. Taylor, Hamm, Taylor & Milby, London, for appellant.

Don B. Mills, Barbourville, for appellee.

WILLIAMS, Judge.

This appeal is from a judgment of the Laurel Circuit Court granting a divorce and custody of infant children to the appellee Loretta Wallee Mullins. Three principal questions are involved: (1) Whether a Kentucky court must give full faith and credit to the divorce decree of a sister state where jurisdiction of one of the parties in that state was obtained by fraud; (2) whether a Kentucky court has jurisdiction to render a divorce when the plaintiff has been out of the state for four years except for the seven months immediately preceding the action; and (3) whether custody of the infant children was properly awarded the mother by the Kentucky court.

The parties were married in Louisville in 1957. In 1958 they moved to South Carolina and then to Georgia. In 1962 they were separated but continued to live in Georgia. In January 1963 the appellee came to Laurel County, Kentucky, with her children where she lived with her parents.

In March 1963 appellee was lured by the appellant to return to Georgia with the children to resume their marriage. Without appellee's knowledge the appellant had instituted divorce proceedings against her

and the sole purpose of enticing her to return to Georgia was to secure service of process on her in that state. Before she discovered the plot she was served, and appellant was granted an absolute divorce and custody of the infant children. This action was instituted in August 1963 in the Laurel Circuit Court. The chancellor refused to give full faith and credit to the Georgia divorce judgment, and awarded a divorce and custody of the children to appellee.

The jurisdiction of a sister state to render a divorce decree is always subject to inquiry by the courts of this state. Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577, (1945). A divorce judgment by a court which does not have jurisdiction of the parties, or where neither party is domiciled in the state, is void and subject to collateral attack. Another state need not give the decree full faith and credit.

The validity of the Georgia divorce in a divorce proceeding in this state depends upon the jurisdictional due process afforded by the Georgia court. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279 (1942). The question is whether service of process effected by fraud is sufficient to void the judgment of divorce granted by the Georgia court. It has been said that, if a defendant is inveigled into the state by the fraud of the plaintiff and is then personally served with process in the state, he may object to the exercise of jurisdiction over him. If timely objection is not made, the judgment is open to attack in equity on the ground of fraud. Beale, Conflict of Laws, Vol. 1, sec. 78.4, pp. 341–342 (1935).

A collateral attack must be treated as if made in the original jurisdiction, and, if such attack would be invalid under the law of the original jurisdiction, it would be invalid in Kentucky. A court without jurisdiction cannot render a decree which would be entitled to full faith and

credit in a sister state. Nelson, Divorce & Annulment, Vol. 3, sec. 33.31, p. 487 (2d ed.). New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947).

In Georgia, a judgment may be set aside in equity for fraud. Code of Georgia, Ann., Vol. 30, Title 110, sec. 110.710. The Georgia courts have frequently voided divorce judgments where there was fraud in the procurement. Where a spouse continues to cohabit and live with the other spouse after initiating a divorce proceeding, and assures the unsuspecting spouse that the divorce is not being continued, the Georgia courts will void the divorce. Wallace v. Wallace, 213 Ga. 96, 97 S.E.2d 155 (1957).

It is said in 30 Am.Jur., Judgments, section 251, that opinions from various states differ as to whether the judgment of a court of one state will be recognized in another state where the defendant was fraudulently decoyed into the former state for the purpose of service of process. Although we do not find a Georgia case specifically in point, it is reasonable to assume that a Georgia court of equity would not permit fraud to be perpetrated on it by the plaintiff's procuring jurisdiction of the defendant by means of fraudulent enticement into the state. Consequently, we find the Georgia judgment is not entitled to full faith and credit in this state.

The appellee had lived in Laurel County with her parents for only seven months before she filed this action, but she testified she had always considered Kentucky her permanent residence. Although scant, the evidence produced by her showing domicile in this state was sufficient to establish jurisdiction in the Laurel Circuit Court. Elswick v. Elswick, Ky., 322 S.W. 2d 129 (1959).

Appellant's contention that the evidence is insufficient to support any ground for divorce is untenable. Under KRS 21.060 this Court may not reverse a

divorce judgment which is merely erroneous. Sapp v. Sapp, 301 Ky. 849, 193 S.W. 2d 443 (1946).

 Since the Laurel Circuit Court had jurisdiction of the children domiciled in this state, custody was a proper issue before the chancellor regardless of which divorce decree is valid. His discretion in determining custody of the children will not be disturbed, since the proof was adequate to sustain his finding.

The judgment is affirmed.