**Floyd ABBOTT, Jr., Appellant,**

v.

**John P. MATRANGA, Appellee.**

Court of Appeals of Kentucky.

June 2, 1978.

David Patrick, P. S. C., W. A. Wickliffe, Sheehan, Wickliffe, Conover, Barnett & Hays, P. S. C., Harrodsburg, for appellant.

Richard H. Campbell, Jr., Danville, for appellee.

Before COOPER, HOWARD and WIL-HOIT, JJ.

COOPER, Judge.

This is an appeal from a summary judgment in the Boyle Circuit Court giving full faith and credit to a judgment of the courts of the State of Louisiana.

The appellee, John P. Matranga, instituted suit against the appellant, Floyd Abbott, Jr., in the Boyle Circuit Court on October 26, 1976, whereby the appellee sought to enforce a judgment rendered against the appellant and Miss Phyllis McIntosh, jointly and severally, under the date of April 21, 1976, in the civil district court for the Parish of Orleans, State of Louisiana, and in the original amount of Five Thousand Two Hundred Eighty Dollars and Seventy-Four cents ($5,280.74) plus interests and costs. The appellant filed his answer in which he pled satisfaction in full of all sums due the appellee alleged in appellee's complaint. We interpret this as an allegation that the underlying claim was paid in Louisiana, but not as an assertion that the judgment sought to be enforced has been satisfied. On March 7, 1977, appellee filed an affidavit in support of summary judgment and motion for summary judgment.

The appellee filed a motion to admit the entire record of the proceeding held in the civil district court, Parish of Orleans, State of Louisiana, into evidence on May 27, 1977. The said records of the Louisiana court were filed in the court record. The Boyle Circuit Court sustained the appellee's motion for summary judgment and entered its order and judgment on July 21, 1977.

 The only question of law presented on this appeal is as follows:

Was the lower court correct in giving full faith and credit to the judgment of the civil district court, Parish of Orleans, State of Louisiana, pursuant to Article IV, Section I, of the United States Constitution?

The record shows the Louisiana court had, under Louisiana law, jurisdiction over the appellant, Floyd Abbott, Jr. The record of the Louisiana court also clearly shows the appellant was before the Louisiana court and, in fact, a trial was held. Fur-

ther, the Louisiana record shows an attorney for the appellant entered an appearance, filed an answer, filed motions for continuances, corresponded with the trial court and obtained a trial date in the Louisiana court.

For the Boyle Circuit Court to now allow appellant to challenge the jurisdiction of the Louisiana court clearly constitutes a collateral attack upon the Louisiana judgment, and is improper under Article IV, Section I, of the United States Constitution. In this case, as well as similar cases, the Louisiana judgment is immune to such collateral attack. See *Hanshew v. Mullins,* Ky., 385 S.W.2d 186 (1964).

The Supreme Court of the United States has stated in the case of *Durfee v. Duke,* 375 U.S. 106, on page 111, 84 S.Ct. 242, on page 245, 11 L.Ed.2d 186, on page 187 (1963), that:

> While a court in one state, when asked to give effect to the judgment of the court in another state, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the judgment is entitled to full faith and credit, even as to questions of jurisdiction over the person and jurisdiction over the subject matter, when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.

The United States Supreme Court went on to say in the case of *May v. Anderson,* 345 U.S. 528, 537, 73 S.Ct. 840, 845, 97 L.Ed. 1221 (1953), "The only escape from obedience (with the full faith and credit clause) lies in holding that the judgment rendered in the [sister state] . . . is void and entitled to no standing even in the [sister state.] It is void only if it denies due process of law."

The options and obligations of law are limited, concise and direct. The only permissible scope of inquiry open to the Boyle Circuit Court was to determine from the face of the judgment of the Louisiana court whether that court had jurisdiction over the appellant, Floyd Abbott, Jr.

In summary, as stated earlier, the only question before this Court is whether or not the Boyle Circuit Court was correct in according full faith and credit to the judgment of the civil district court, Parish of Orleans, State of Louisiana. The Boyle Circuit Court had to determine whether or not the Louisiana court had jurisdiction over the appellant. The only place to which the lower court could correctly inquire was to the face of the judgment and record of the Louisiana court. This question is one of law, not of fact, and the lower court possessed the power and authority to resolve such questions. After reviewing the record of the Louisiana court, in accordance with the laws of these United States and of this Commonwealth, the Boyle Circuit Court correctly determined that the Louisiana courts did, in fact, have jurisdiction over the appellant herein. This being the only issue open to the lower court, and that court having resolved said issue in favor of the appellee, summary judgment was correctly entered for the appellee.

The judgment is affirmed.

All concur.