**MORREL & WEST, INC., Appellant,**

v.

**William YAZEL, Appellee.**

Court of Appeals of Kentucky.

June 20, 1986.

James E. Toombs, Lexington, for appellant.

Thomas C. Marks, Miller, Griffin & Marks, Lexington, for appellee.

Before GUDGEL, MILLER and WILHOIT, JJ.

MILLER, Judge.

This appeal arises from the Fayette Circuit Court's dismissal of appellant/Morrel & West, Inc.'s, suit upon a foreign judgment against appellee/William Yazel. The judgment, entered by default, was obtained in Oklahoma. It represents attorney fees owed by Yazel to Morrel & West, a law firm of Tulsa, Oklahoma. Morrel & West performed services involving the filing of state (Oklahoma) and federal tax returns for Yazel, a former resident of Oklahoma now residing in Fayette County, Kentucky. The legal representation was solicited by Yazel, by phone, and the transactions were handled by mail. Yazel never appeared in Oklahoma. It does appear, however, that the tax returns represent prior years when Yazel had operated a business in that state, culminating in the involuntary sale of real and personal property. Yazel was proceeded against as a nonresident, consistent with Okla.Stat.Ann. tit. 12 § 2004(F), which provides: "A Court of this State may exercise jurisdiction on any basis consistent with the Constitution of this State and the Constitution of the United States." It appears Yazel was served by mail at his mailing address, to wit: 2958 Moreland Drive, Lexington, Kentucky.

At the outset, we observe that this is a collateral attack upon a foreign judgment and, as such, it must be determined if the judgment was invalid in Oklahoma, the state of original jurisdiction. If invalid there, it is not entitled to credit in this state. *See Hanshew v. Mullins*, Ky., 385 S.W.2d 186 (1964). We interpret the Oklahoma statute as authorizing long-arm jurisdiction over nonresidents consistent with due process. *See Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), and *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The trial court concluded the Oklahoma court was without personal jurisdiction over Yazel, as there was insufficient contact with the state of Oklahoma to render him amenable. It followed, according to the trial court, that the Oklahoma judgment was not enti-

tled to full faith and credit. *See Hanshew, supra; Anderson v. Reconstruction Finance Corp.*, 281 Ky. 531, 136 S.W.2d 741 (1940); and U.S. Const. art. IV, § 1. Such was error. It is our view that the engaging of resident-professionals to perform services within a state, relative to the filing of state tax returns growing out of prior business transactions within that state, constitutes sufficient minimum contact with the state to afford a basis for long-arm jurisdiction without offending due process. *See International Shoe, supra,* and *Hanson, supra.*

▮ In passing, we observe the Oklahoma statute is consistent in purpose with our own. Although our long-arm statute sets forth, with specificity, the grounds for exercising jurisdiction over nonresidents (KRS 454.210), we do not believe the objective is different than that of the Oklahoma statute. In either case, the exercise of jurisdiction over nonresidents is limited only by due process. Escape from obedience to a judgment of a sister-state can be had only if said judgment is void and entitled to no standing even in that state. *See May v. Anderson*, 345 U.S. 528, 73 S.Ct. 840, 97 L.Ed. 1221 (1953). Or, stated otherwise, the judgment was void for lack of due process.

For the foregoing reasons, the judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion.

Further, pursuant to 2(a) of the Order Designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.