RENDERED: JUNE 25, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0859-MR

TERREKA CARTER                                          APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE AUDRA J. ECKERLE, JUDGE
                        ACTION NO. 20-CI-001173

ADLP INVESTMENTS, LLC                                  APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND LAMBERT, JUDGES.

ACREE, JUDGE: Terreka Carter appeals the Jefferson Circuit Court's denial of

her CR[1] 60.02 motion to vacate a default judgment entered in favor of ADLP

Investments, LLC (ADLP). She contends the circuit court erred in denying her

motions because the COVID-19 pandemic should qualify as a reason of an

---

[1] Kentucky Rules of Civil Procedure.

extraordinary nature justifying relief from a judgment entered because she did not timely respond to the complaint. We affirm.

## BACKGROUND

On October 19, 2018, Carter entered into a "Retail Installment Contract and Security Agreement" (Contract) with Approved Auto of America (Approved Auto) for the purchase of a 2005 Buick Rendezvous. The Contract, later assigned to Dixie Finance Company, gave Approved Auto a security interest in the car and required Carter to make biweekly payments of $150 starting on November 3, 2018. On November 2, 2018 Carter made a $100 payment; on November 3, 2018, she made a $50 payment. She made no other payments.

According to Carter, the car had multiple problems that started after she purchased it. She brought the problems to Approved Auto's attention, but it did not have the parts needed to make the repairs. Carter continued to drive the car until about a week after she made her first payment. She then surrendered the car to Dixie Finance Company.

Dixie Finance Company notified Carter it was required to dispose of the car and intended to list it for public sale on December 14, 2018. Eventually, the Contract was assigned to ADLP through a series of assignments.

ADLP filed suit against Carter on February 12, 2020. The complaint contained allegations of breach of contract, quantum meruit-unjust enrichment, and

action on account.  The sheriff served the complaint and summons on Carter at her mother's residence on February 27, 2020.

Around that time, the country went into a self-imposed lockdown in response to the COVID-19 pandemic.  However, the court-system still functioned, albeit at limited capacity.  Carter never filed an answer to ADLP's complaint.  ADLP filed a motion for default judgment on March 30, 2020 and served the motion on Carter.  Carter still failed to respond.  The circuit court entered a default judgment on April 2, 2020.

Well over a month after receiving the default judgment, Carter hired a lawyer and filed a motion to vacate under CR[2] 60.02 and CR 55.02.  She cited COVID-19 as a reason of an extraordinary nature justifying relief.  CR 60.02(f).  The circuit court disagreed and overruled Carter's motion.  This prompted Carter to file a CR 59.05 motion, which was also denied by the circuit court.

This appeal followed.

### STANDARD OF REVIEW

The decision to grant or deny a motion under CR 60.02 or CR 59.05 rests within the trial judge's sound discretion.  *See Schott v. Citizens Fidelity Bank & Trust Co.*, 692 S.W.2d 810, 814 (Ky. App. 1985).  Accordingly, we apply an abuse of discretion standard of review to a trial court's rulings on CR 59.05 and

---

[2] Kentucky Rules of Civil Procedure.

-3-

CR 60.02 motions. *Bowling v. Kentucky Dept. of Corrections*, 301 S.W.3d 478, 483 (Ky. 2009); *Bethlehem Minerals Co. v. Church & Mullins Corp.*, 887 S.W.2d 327, 329 (Ky. 1994).

"The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Accordingly, a trial court's decision is affirmed unless there is a showing of some "flagrant miscarriage of justice[.]" *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

A trial court may relieve a party from a final judgment upon a showing of a "reason of an extraordinary nature justifying relief." CR 60.02(f). This rule "functions to address significant defects in the trial proceedings." *Ramsey v. Commonwealth*, 453 S.W.3d 738, 739 (Ky. App. 2014) (citation omitted). To succeed on a claim under CR 60.02(f), "the movant must specifically present facts which render the original trial tantamount to none at all." *Foley v. Commonwealth*, 425 S.W.3d 880, 885 (Ky. 2014) (citation and internal quotation marks omitted).

Additionally, CR 55.02 provides a mechanism authorizing a trial court to set aside a default judgment in accordance with CR 60.02 for "good cause shown[.]" Kentucky courts have interpreted the "good cause" standard under CR

55.02 as requiring "the moving party to make a timely showing of the circumstances under which the default judgment was procured. Specifically, the moving party must show: (1) a valid excuse for the default; (2) a meritorious defense to the claim; and (3) absence of prejudice to the non-defaulting party." *Sunrise Turquoise, Inc. v. Chem. Design Co.*, 899 S.W.2d 856, 859 (Ky. App. 1995) (citing *Perry v. Central Bank & Trust Co.*, 812 S.W.2d 166, 170 (Ky. App. 1991)). "Absent a showing of all three elements, the default judgment will not be set aside." *Sunrise*, 899 S.W.2d at 859. "Although default judgments are not favored, trial courts possess broad discretion in considering motions to set them aside and we will not disturb the exercise of that discretion absent abuse." *Howard v. Fountain*, 749 S.W.2d 690, 692 (Ky. App. 1988) (citing *Kidd v. B. Perini & Sons*, 313 Ky. 727, 233 S.W.2d 255 (1950)); *PNC Bank, N.A. v. Citizens Bank of Northern Kentucky, Inc.*, 139 S.W.3d 527, 530-31 (Ky. App. 2003).

Carter failed to satisfy the first element. A pandemic cannot serve, in and of itself, as a valid excuse for defaulting on a claim, especially when there is no allegation the defaulter was medically or otherwise personally affected by the disease. Carter was served with a complaint and summons with directions when to answer. Counsel properly served the default judgment motion upon her stating when she was to respond. A party's foreboding response to general information is not a valid excuse for disregarding specific information identifying a specific

-5-

responsibility, with specific consequences. Furthermore, mere carelessness on a party's part is an insufficient reason to set aside a default judgment. *Perry*, 812 S.W.2d at 170. Because Carter has not satisfied the first element necessary to establish good cause for setting aside the default judgment, we need not address the other two. *Sunrise*, 899 S.W.2d at 859.

Carter's additional arguments regarding the complaint address the merits of the claim. These arguments are moot. However, we examined her argument regarding the award of damages and are unpersuaded.

The court awarded ADLP damages of $6,583.80 plus costs and interest. Damages cannot "exceed in amount that prayed for in the demand for judgment." CR 54.03(1). The record shows ADLP demanded exactly what was awarded. The court did not violate the rule.

## CONCLUSION

The Jefferson Circuit Court's default judgment is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:              BRIEF FOR APPELLEE:

Juliana N. Madaki                 Randy T. Slovin
Louisville, Kentucky              Brad A. Council
                                  William F. Abbey
                                  Cincinnati, Ohio