RENDERED: FEBRUARY 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0298-MR


NATHAN LOCKARD AND
MOUNTAIN NATURAL PRODUCTS,
LLC                                                                                          APPELLANTS


                    APPEAL FROM PIKE CIRCUIT COURT
v.                  HONORABLE HOWARD KEITH HALL, JUDGE
                    ACTION NO. 20-CI-01642


AMERICAN BOTANICALS, LLC                                                    APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; DIXON AND GOODWINE, JUDGES.

DIXON, JUDGE: Nathan Lockard and Mountain Natural Products, LLC (MNP)

appeal from the orders of the Pike Circuit Court denying their motion to stay

enforcement of a foreign judgment and their motions to alter, amend, or vacate

same, entered on October 19, 2021, and February 28, 2022, respectively. After

careful review of the record, briefs, and applicable law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

MNP is a Kentucky limited liability company (LLC) managed by Nathan Lockard, a Kentucky resident. Lockard and MNP conducted business with American Botanicals, LLC, ("American Botanicals") – a Missouri LLC – beginning in 2014. On January 5, 2015, American Botanicals and MNP entered into a cash advance agreement ("Agreement") signed by Lockard.

American Botanicals later brought a breach of contract action in Missouri against MNP and Lockard for their failure to comply with the Agreement. MNP was served through its registered agent, Nathan Lockard, and Lockard by a process server leaving a copy of the summons and petition with his wife, Brandy, at their residence.

Neither Lockard nor MNP responded or appeared in the Missouri action, and a default judgment was entered against them. On August 24, 2020, the Missouri court entered a final order and judgment against Lockard and MNP, jointly and severally for damages totaling $44,472.65.

On December 28, 2020, American Botanicals filed its notice and affidavit of foreign judgment registration in Kentucky's Pike Circuit Court and served Lockard and MNP at the same address used in the Missouri action. Lockard and MNP moved the court to stay enforcement of the foreign judgment. After the matter was fully briefed and heard, the trial court denied the motion.

Lockard and MNP then moved the trial court to alter, amend, or vacate its order. Following a full briefing and hearing, the court denied the motion. This appeal followed.

## STANDARD OF REVIEW

Kentucky Rules of Civil Procedure (CR) 55.02 states that "[f]or good cause shown the court may set aside a judgment by default in accordance with Rule 60.02." Whether a CR 60.02 motion should be granted is left to the sound discretion of the trial court. Because the law favors finality, relief should only be granted "with extreme caution and only under the most unusual and compelling circumstances." *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). We, therefore, review for whether the trial court abused its discretion. *Id*. "The test for abuse of discretion is whether the trial [court's] decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). Further, "[i]t is axiomatic that default judgments are not favored in the law. They are to be scrutinized carefully pursuant to three criteria: 1) valid excuse for default, 2) meritorious defense, and 3) the absence of prejudice to the other party." *Smith v. Flynn*, 390 S.W.3d 157, 159 (Ky. App. 2012) (citations omitted).

# LEGAL ANALYSIS

Kentucky Revised Statutes (KRS) 426.955 allows a foreign judgment filed within a Kentucky court to have "the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." Appellants argue the Missouri judgment is unenforceable for three reasons: (1) the court lacked *in personam* jurisdiction over them, (2) Lockard is not personally liable under the contract, and (3) they were not properly served in the Missouri action. We will address each of these arguments, in turn.

First, Appellants claim the Missouri court lacked *in personam* – or personal – jurisdiction over them. However, Missouri's long-arm statute clearly provides:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:
>
> > (1) The transaction of any business within this state;
> >
> > (2) The making of any contract within this state[.]

Missouri Annotated Statute (Mo. Ann. Stat.) 506.500. American Botanicals' Missouri petition averred that both Lockard and MNP transacted business within Missouri – including making and entering the Agreement, which is a contract – sufficient to provide personal jurisdiction over them through Missouri's long-arm statute. Yet, despite having been served with a summons and petition, neither Appellant challenged the Missouri court's exercise of personal jurisdiction over them in that action.

Furthermore, and contrary to their arguments, the Missouri court's exercise of personal jurisdiction over Appellants did not offend "traditional notions of fair play and substantial justice" in violation of their due process rights. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (citations omitted). It is well established that "to the extent that a [person or] corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state." *Id.* at 319, 66 S. Ct. at 160. Therefore, the "privilege may give rise to obligations; and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue." *Id.* The three-pronged test for minimum contacts, "requires that: (1) defendant has purposely availed itself of the privilege of acting within the state; (2)

the cause of action must arise from defendant's activities; and (3) enough connections to the state must exist so that jurisdiction would be reasonable." *Sunrise Turquoise, Inc. v. Chem. Design Co., Inc.*, 899 S.W.2d 856, 858 (Ky. App. 1995).

American Botanicals produced affidavits from its president and accounting supervisor that Lockard traveled to their Missouri facility "on numerous occasions to discuss transacting business," including the date the Agreement was entered. An email from Lockard stated he was transporting product to American Botanicals in Missouri which was "to be applied to my advance." Another email from Lockard confirmed he: (1) met with American Botanicals' president and accounting supervisor in Missouri, (2) delivered a shipment of product to them in Missouri, and (3) received wires totaling $30,000.00. Lockard also inquired if the consignment material from 2014 would be applied to "my" account. Thus, under Missouri law and consistent with due process considerations, Missouri indeed had personal jurisdiction over Appellants.

Second, Lockard claims he is not personally liable under the contract. Once again, American Botanicals averred in its Missouri petition that MNP and Lockard jointly entered into the Agreement. Although Lockard was served with a summons and petition, he failed to contest that he jointly and personally entered the contract in the Missouri action. This failure to raise required affirmative

-6-

defenses constitutes waiver. Just as the Supreme Court of Kentucky held in *Sunrise Turquoise, Inc.*, 899 S.W.2d at 859, that "Sunrise cannot now raise matters which should have been presented to the trial court in Florida[,]" Appellants in the case herein cannot now be heard to complain of matters which should have been presented to the trial court in Missouri.

Third, Appellants claim they were not properly served in the Missouri action. Yet, "actual notice of the lawsuit is not required to effectuate service as long as it is done in compliance with the applicable statute." *HP Hotel Mgmt., Inc. v. Layne*, 536 S.W.3d 208, 214 (Ky. App. 2017) (citing *Cox v. Rueff Lighting Co.*, 589 S.W.2d 606, 607 (Ky. App. 1979)). While a showing of no actual notice may constitute good cause sufficient to warrant setting aside a default judgment, it is imperative that "[t]he facts and circumstances of each individual case should be weighed" in making such a determination. *Id.* at 215.

The law is clear:

> According to CR 55.02, if a defaulting party demonstrates good cause, a trial court may set aside a default judgment providing said good cause meets the requirements set forth in CR 60.02. To show good cause, and thereby justify vacating a default judgment, the defaulting party must: (1) provide the trial court with a valid excuse for the default; (2) demonstrate a meritorious defense; and (3) show the absence of prejudice to the non-defaulting party. "All three elements must be present to set aside a default judgment."

*First Horizon Home Loan Corp. v. Barbanel*, 290 S.W.3d 686, 688-89 (Ky. App. 2009) (footnotes and citations omitted). To succeed in a motion to set aside a judgment, Appellants are required to show good cause, as well as a valid excuse, a meritorious defense, **and** the absence of prejudice to the nonmoving party.

Herein, Appellants claim there is no evidence in the record that they were properly served with the complaint in the Missouri action. This is simply not borne out by the record. Lockard's self-serving affidavits are undercut by the proof of service to Brandy Lockard on October 12, 2019.

Undaunted by the facts in the record, Appellants discuss Kentucky's rules of service. However, our courts have pointed out that our rules concerning service are not the standard by which to measure foreign judgments; they must be measured by the laws of that state. Here, we must review whether service followed Missouri rules. *See Waddell v. Commonwealth*, 893 S.W.2d 376, 379 (Ky. App. 1995) ("To succeed in this collateral attack, Waddell must show that the judgment is void under Indiana law. Thus, his discussion regarding our CR 4.05-4.07 and the procedure outlined therein for a warning order are completely irrelevant.").

Consequently, Appellants next attack American Botanicals' compliance with Missouri's rules concerning service. American Botanicals filed proof of its compliance with Missouri's rules of service. Pursuant to Mo. Ann.

Stat. 506.100(2), "service may be made . . . (3) Upon a party, by leaving a copy at his usual place of abode with some person of his family over the age of fifteen years." This was done by leaving a copy of the summons and petition with Brandy Lockard at "**their dwelling place**." MNP was served through Lockard – its registered agent – in the same fashion. Thus, we ascertain no error.

Because they have failed to demonstrate good cause or a valid excuse why the Missouri default judgment should be set aside, we need not address whether Appellants have a meritorious defense or whether setting aside the judgment would prejudice American Botanicals. We do note, however, that Appellants have failed to demonstrate either. Failure to put forth evidence of a meritorious defense demonstrates the high likelihood of simply postponing the inevitable with unjustifiable increased fees, costs, and delay. Appellants also failed to show how setting aside the judgment would not prejudice American Botanicals. "We also agree with the trial court that the idea of fairness must be viewed from both sides. [The nonmovant] argues that if this judgment were set aside, the additional costs it had incurred in defending foreclosure actions as a result of its judgment lien would be 'money down the drain.'" *S.R. Blanton Dev., Inc. v. Invs. Realty & Mgmt. Co., Inc.*, 819 S.W.2d 727, 729-30 (Ky. App. 1991). Thus, we cannot say the trial court erred or abused its discretion in denying Lockard's and MNP's motion to stay enforcement of the foreign judgment.

**CONCLUSION**

Therefore, and for the foregoing reasons, the orders of the Pike Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Donald H. Combs
Pikeville, Kentucky

BRIEF FOR APPELLEE:

C. Tom Anderson
Pikeville, Kentucky

Ryan D. Mosley
Hazard, Kentucky